IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH FRIMPONG<br><br>PLAINTIFF,<br><br>v.<br><br>MAUREEN DALY, *et al.*<br><br>DEFENDANTS. | CASE NUMBER: 1:25-cv-02756- RCL |

**PLAINTIFF SARAH FRIMPONG'S MEMORANDUM IN OPPOSITION TO
DEFENDANT LUKE RORECH'S MOTION TO DISMISS**

Pursuant to Local Rule 7(b), Plaintiff Sarah Frimpong respectfully submits her Opposition to Defendant Luke Rorech's Motion to Dismiss. Ms. Frimpong has adequately pleaded claims for Fraudulent Conveyance (Count III) and Conspiracy (Count IV) against Defendant. Defendant's motion raises factual disputes and relies on matters outside of the pleadings, which are not appropriate for consideration on a motion to dismiss, and it should be denied.

**FACTUAL BACKGROUND**

On or around May 1, 2025, Ms. Frimpong executed a Merger Agreement and Indemnification Agreement with Defendant Maureen Daly, under which Ms. Daly acquired Broodjes & Bier Restaurant Group, LLC. *See* Compl. ¶ 1 (ECF No. 2). At the time, Ms. Frimpong remained personally liable on more than $600,000 in Guaranteed Debt and as part of the purchase price for Broodjes & Bier, Ms. Daly agreed to assume such debt. *Id.* ¶ 3. As part of her fraudulent scheme to avoid this obligation, Ms. Daly diverted company assets for her own use and that of her family. *Id.* ¶ 34, 36. In particular, Ms. Frimpong alleges that in mid-May 2025, Daly "paid her

1

sons, Luke Rorech and Douglas Rorech, approximately $12,500 from Broodjes & Bier for purported loan repayments. This money was supposed to be used to pay the Guaranteed Debt, not be diverted to family members or personal use." *Id.* ¶ 34.

Ms. Frimpong further alleges that on June 9, 2025, Defendant Luke Rorech told Ms. Frimpong that he was "in charge of processing payments" for Ms. Daly at the same time creditors remained unpaid and company funds were being misappropriated. *Id.* ¶ 37. As such, the transfer of thousands of dollars to Mr. Rorech is alleged as part of a fraudulent conveyance and conspiracy, in which Mr. Rorech knowingly transferred and received assets without providing reasonably equivalent value, with the intent to hinder, delay, or defraud Ms. Frimpong as a creditor.  *Id.* ¶¶ 13, 18, 34, 37, 57-61, and 63-68. Such transfers are voidable under D.C. Code §§ 28-3101, *et seq.*, and Ms. Frimpong, at minimum, is entitled to judgment against Mr. Rorech for the amounts transferred. As a direct result of this scheme, Ms. Frimpong remains personally exposed to approximately $581,829.88 in Guaranteed Debt and ongoing creditor demands.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court may consider the facts alleged in the complaint, along with "documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice." *K. W. v. District of Columbia*, 385 F. Supp. 3d 29, 36 (D.D.C. 2019). In ruling on a motion to dismiss, the Court "must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 17 (D.C. Cir. 2008).

Personal jurisdiction exists where a defendant purposefully directs conduct toward the forum causing injury therein. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Furthermore, D.C. Code § 13-423(a) authorizes jurisdiction over persons who cause tortious injury or transact business in the District. In addition, where conspirators act in concert, the acts of one can be attributed to all for jurisdictional purposes. *Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001). Here, Defendant, along with his co-conspirators, caused such injury in the District.

## ARGUMENT

**I.    Defendant Luke Rorech Transferred and Received Thousands of Dollars From His Mother Without Providing Equivalent Value and Intentionally Hindered Ms. Frimpong's Ability to Collect Payment.**

Ms. Frimpong sufficiently pleads fraudulent conveyance against Defendant Luke Rorech. Mr. Rorech admitted that he was in charge of processing payments for creditors and vendors, and during that time he and his brother ended up with thousands of dollars while Ms. Frimpong received nothing.

To state a fraudulent transfer claims under the D.C. Uniform Fraudulent Transfer Act, D.C. Code § 28-3101 *et seq*., Ms. Frimpong must plead that: (1) Ms. Daly made a transfer; (2) Ms. Frimpong was a creditor of Ms. Daly; and (3) that Ms. Daly made the transfer with actual intent to hinder, delay, or defraud Ms. Frimpong. *See Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 87 (D.D.C. 2012). D.C. Code § 28-3108 specifically entitles Ms. Frimpong to a judgment for the value of her assets transferred against "any subsequent transferee," which in this case includes Defendant Luke Rorech.

The Complaint pleads that Defendant Daly transferred at least $12,500 to her sons, including Defendant Luke Rorech from Broodjes & Bier shortly after the Merger Agreement was

executed. *See* Compl. ¶¶ 34, 57. These were not legitimate transactions and made at a time when Daly was in default on her contractual obligation to pay down $626,829.88 in Guaranteed Debt. *Id.* at ¶¶ 29, 44. Ms. Frimpong also alleges that Defendant Luke Rorech did not provide any equivalent services for the payments he received. *Id.* The parties' mother-son relationship is also a glaring badge of fraud in this case.

The Complaint further alleges that these transfers were made "with actual intent to hinder, delay, or defraud Ms. Frimpong, a known creditor and without receipt of reasonably equivalent value in exchange." *Id.* ¶¶ 59, 65. Such allegations satisfy the D.C. Uniform Fraudulent Transfer Act, D.C. Code § 28-3101 *et seq.* and Defendant's attempt to re-characterize them as payments to an LLC is a factual dispute inappropriate for resolution at the motion to dismiss stage.

Defendant's motion to dismiss as to Fraudulent Conveyance, Count III, should be denied.

## II.    Defendant Luke Rorech Conspired with his Family Members to Fraudulently Convert Funds Owed to Ms. Frimpong.

Ms. Frimpong also sufficiently pleads civil conspiracy against Defendant Luke Rorech. She alleges that Luke Rorech, his brother, and his mother coordinated and agreed to fraudulently convert funds owed to Ms. Frimpong to frustrate her ability to collect payment.

To allege a conspiracy claim in the District, a plaintiff must plead: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *See Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).

Here, Ms. Frimpong expressly states that the Defendants "coordinated and conspired to divert funds that were required to satisfy the Guaranteed Debt." *See* Compl. ¶ 63. Defendant Luke

Rorech's overt statements to Ms. Frimpong that he was "in charge of processing payments" for his mother, and the familial relationship between the conspirators all support the inference of an agreement to carry out an unlawful act. *Id.* at ¶ 37.

The unlawful act at issue was the fraudulent conveyance of Broodjes & Bier's funds to hinder Ms. Frimpong's rights as a creditor. The Complaint specifically alleges that Defendant Daly transferred at least $12,500 from Broodjes & Bier to her sons, including Defendant Luke Rorech, shortly after the Merger Agreement was executed, and at a time when Daly was in default on her contractual obligation to pay down $626,829.88 in Guaranteed Debt. *Id.* Compl. ¶¶ 8, 18, 34, 37, 57-61, and 63-68. These were not legitimate transactions, and Ms. Frimpong further alleges that Rorech did not provide any equivalent services in exchange. *Id.*

Defendant Luke Rorech's overt acts of processing and receiving fraudulent transfers directly injured Ms. Frimpong by depriving her of payment on the Guaranteed Debt and increasing her exposure to creditors.

Such allegations satisfy the pleading standard for civil conspiracy, and Defendant's attempt to re-cast them as ordinary payments to an LLC merely raises factual disputes inappropriate for resolution on a motion to dismiss. Defendant's motion to dismiss as to Conspiracy, Count IV, should be denied.

III.     **Defendant Luke Rorech Caused Injury in the District and the Court Has Personal Jurisdiction Over Him Because it has Jurisdiction Over His Co-Conspirator.**

The Court has personal jurisdiction over Defendant Luke Rorech for at least two reasons. First, the Complaint alleges that Mr. Rorech purposefully directed tortious conduct toward the District and a District resident. D.C. Code § 13-423(a). And second, when co-conspirators (in this case, Ms. Daly) undertake overt acts in furtherance of a conspiracy within the District, those acts are attributable to all members of the conspiracy, even those physically outside the forum.

The Complaint specifically pleads that Ms. Frimpong resides in the District, remained personally liable on over $600,000 in Guaranteed Debt here, and that defendants' fraudulent conduct was directed at her in the District. Compl. ¶¶ 18, 19. Defendant Rorech's overt acts of coordinating and receiving at least $12,500 in fraudulent transfers from Broodjes & Bier were undertaken with the knowledge that such transfers would frustrate Ms. Frimpong's ability to pay creditors in the District. That injury is felt directly in this forum. Courts in this Circuit have long recognized that purposeful actions directed at a D.C. resident, where the brunt of the harm is suffered in the District, establish sufficient minimum contacts. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In addition, where conspirators act in concert, the acts of one can be attributed to all for jurisdictional purposes. *See Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001); *see also Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997). Here, Defendant Daly has not and cannot challenge personal jurisdiction. Daly and her sons, including Luke Rorech, conspired to divert funds owed to Plaintiff, and overt acts, including fraudulent communications and the diversion of Broodjes & Bier assets, were directed into and had their intended harmful effect in the District. Thus, even if Defendant Rorech himself did not personally transmit every fraudulent statement or initiate each transfer, his participation in the scheme subjects him to jurisdiction based on the acts of his co-conspirators carried out in this forum.

Accordingly, the allegations support that Defendant Rorech is a participant in a fraudulent scheme aimed at a District resident. His purposeful conduct, the foreseeable injury caused in this forum, and the imputed acts of his co-conspirators establish jurisdiction. His motion to dismiss for lack of personal jurisdiction should therefore be denied.

6

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant

Luke Rorech's Motion to Dismiss in its entirety.

Dated: September 25, 2025                    Respectfully Submitted,

**Sarah Frimpong**

By Counsel

/s/ Raj H. Patel
Raj H. Patel, D.C. Bar No. 240973
George R.A. Doumar, D.C. Bar No. 415446
Doumar Martin, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: (703) 243-3737
gdoumar@doumarmartin.com
rpatel@doumarmartin.com

*Counsel for Plaintiff*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2025, a true and correct copy of the foregoing Opposition was served via first class mail postage prepaid, and through ECF to registered parties,  to:

MAUREEN DALY
1302 South 8th Street
Leesburg, Florida 34748

MAUREEN A. DALY
LIVING TRUST
Maureen Daly, Trustee
1302 South 8th Street
Leesburg, Florida 34748

LUKE RORECH
3163 East Fort King Street
Ocala, Florida 34470

DOUGLAS RORECH
1302 South 8th Street
Leesburg, Florida 34748

MOBILE EATS OF
AMERICA, INC.
Chestnut Business Services,
LLC, Registered Agent
311 Park Place Boulevard,
Suite 300
Clearwater, Florida 33758

/s/ Raj H. Patel
Raj H. Patel, D.C. Bar No. 240973
George R.A. Doumar, D.C. Bar No. 415446
Doumar Martin, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: (703) 243-3737
gdoumar@doumarmartin.com
rpatel@doumarmartin.com

*Counsel for Plaintiff*

8