IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH FRIMPONG,
Plaintiff,

v.

MAUREEN DALY, MAUREEN A. DALY LIVING TRUST, LUKE RORECH, DOUGLAS RORECH, and
MOBILE EATS OF AMERICA, INC.,
Defendants.

Civil Action No. 1:25-cv-02756-RCL

## DEFENDANT MAUREEN DALY'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Maureen Daly, appearing pro se until counsel is secured, files this Amended Answer, Affirmative Defenses, and Counterclaims against Plaintiff Sarah Frimpong and states as follows:

## Preliminary statement

1. Plaintiff's Complaint is built on a knowingly false narrative. Plaintiff has tried to portray the May 1, 2025 transaction as though Plaintiff sold a healthy and viable operating business that Defendant Maureen Daly fraudulently induced Plaintiff to transfer. That is false.

2. Broodjes & Bier was not a healthy operating business when Daly became involved. It was a defunct platform. Its operations had already ceased, its employees were gone, its value depended entirely on whether it could somehow be reengineered and relaunched, and Plaintiff knew that.

3. Plaintiff nevertheless chose to advance a public complaint accusing Daly and Daly's sons, Luke Rorech and Douglas Rorech, of fraud, conspiracy, and fraudulent transfers in order to manufacture a false family-enterprise narrative and maximize pressure, reputational damage, and settlement leverage.

4. On information and belief, Plaintiff did not merely misunderstand the facts. Plaintiff intentionally misdirected her own counsel by presenting a false and distorted story of the transaction and of the Rorech sons' roles so that counsel would file a complaint built around sensational but false accusations of fraud and conspiracy.

5. On information and belief, Plaintiff's allegations concerning supposed diversions, fraudulent transfers, and misuse of funds were driven in substantial part by Plaintiff's unauthorized and illegal access to the Company's bank account after closing, followed by erroneous, reckless, and self-serving conclusions drawn from raw transaction activity that Plaintiff did not understand.

RECEIVED

JUN 11 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

6. Plaintiff's false narrative has caused severe damage. It has impaired Daly's ability to reopen the business, undermined Daly's relationships with existing business contacts, damaged capital-raising efforts, and publicly sullied the names of Daly, Luke Rorech, and Douglas Rorech.

## Answer to complaint

7. Daly denies that she fraudulently induced Plaintiff to sell a healthy operating business.

8. Daly denies that Plaintiff sold a healthy operating business.

9. Daly denies that she knowingly provided fabricated financials.

10. Daly denies that she entered the transaction with no intention of honoring her obligations.

11. Daly admits that transaction documents were signed on or about May 1, 2025, but denies Plaintiff's characterization of those documents except as expressly set forth in the written agreements.

12. Daly denies that Luke Rorech and Douglas Rorech were proper defendants in this action.

13. Daly denies that Luke Rorech and Douglas Rorech engaged in fraudulent transfer, civil conspiracy, or any family fraud enterprise.

14. Daly denies that any payments to Luke Rorech or Douglas Rorech were fraudulent transfers.

15. Daly affirmatively alleges that Plaintiff's accusations concerning supposed misuse of company funds were fueled by Plaintiff's unauthorized and illegal access to the Company's bank account after closing and by Plaintiff's erroneous conclusions drawn from account activity she did not understand.

16. Daly denies that Plaintiff is entitled to any of the relief requested in the Complaint.

17. Daly denies each and every allegation not expressly admitted.

## Affirmative defenses

## First affirmative defense – Failure to state a claim

18. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## Second affirmative defense – Contract controls

19. Plaintiff's claims are barred, limited, or governed by the written transaction documents, including provisions concerning exclusive remedies, party status, indemnification, limitations on liability, and non-recourse treatment.

## Third affirmative defense – Improper parties

20. Plaintiff improperly named Luke Rorech and Douglas Rorech in order to create a false conspiracy narrative and exert improper pressure, even though they were not transaction parties.

### Fourth affirmative defense – Fraud, concealment, and misrepresentation by Plaintiff

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff materially misrepresented and concealed facts concerning the condition, liabilities, operations, and viability of the business.

### Fifth affirmative defense – Plaintiff's wrongful access and misuse of account information

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff wrongfully accessed the Company's bank account after closing, reviewed account activity without authorization, and then drew reckless, inaccurate, and self-serving conclusions in an effort to manufacture claims of fraud, conspiracy, diversion, and misuse of funds.

### Sixth affirmative defense – Unclean hands

23. Plaintiff is barred from obtaining equitable relief, in whole or in part, by the doctrine of unclean hands because Plaintiff engaged in wrongful post-closing conduct, including unauthorized access to Company banking information and misuse of that information to create a false litigation narrative.

### Seventh affirmative defense – Setoff and recoupment

24. Any recovery by Plaintiff is barred or reduced by Plaintiff's own misconduct, breaches, misrepresentations, concealment of liabilities, and conduct that damaged the business opportunity acquired by Daly.

### Eighth affirmative defense – Failure to mitigate

25. Plaintiff failed to mitigate her alleged damages.

### Ninth affirmative defense – Reservation

26. Daly reserves the right to assert additional defenses as discovery and investigation continue.

### Counterclaims against Plaintiff Sarah Frimpong

### Parties

27. Counterclaim Plaintiff Maureen Daly is a citizen of Florida.

28. Counterclaim Defendant Sarah Frimpong is a citizen of the District of Columbia.

## General allegations

29. On or about May 1, 2025, Daly and Frimpong entered transaction documents relating to the acquisition of Broodjes & Bier Restaurant Group LLC.

30. Plaintiff has falsely framed the transaction as though she sold a healthy operating business that Daly wrongfully induced her to transfer.

31. In truth, the business was a defunct platform whose future depended entirely on whether Daly could attempt a turnaround and relaunch.

32. Plaintiff knew the true condition of the business, including its shutdown status, liabilities, unpaid obligations, lack of continuing operations, and the extent to which any future value depended on a risky and expensive restart.

33. Plaintiff materially misrepresented and concealed the true nature, condition, liabilities, and viability of the business.

34. Plaintiff failed to fairly present the full extent of debts, vendor obligations, and the deteriorated condition of the enterprise.

35. While Daly was still assessing whether any turnaround was possible, Frimpong was continuing to dispose of locations, equipment, and other business opportunities in an attempt to pressure or induce Daly to make a hasty decision.

36. Daly would not have entered the transaction on the same terms, and might not have entered it at all, if the full truth had been disclosed.

37. After closing, Daly attempted to secure financing and commercial support necessary to reopen and relaunch the business.

38. After the closing of the transaction, the Company's bank account and the banking information associated with it belonged to the post-closing Company and its authorized operators, not to Plaintiff.

39. On information and belief, after closing Plaintiff obtained unauthorized access to the Company's bank account and reviewed account activity despite no longer having any lawful right to use that access as a platform for self-help, investigation, or accusation.

40. On information and belief, Plaintiff used that unauthorized access to obtain banking information, transaction details, and account activity that Plaintiff then attempted to map, analyze, and reinterpret for use against Daly and Daly's family.

41. On information and belief, Plaintiff then cherry-picked transaction entries, misunderstood ordinary and legitimate account activity, ignored context, and converted those errors into sweeping accusations of fraud, fabricated financial disclosures, fraudulent conveyance, and civil conspiracy.

42. Plaintiff instead filed a public federal complaint accusing Daly, Luke Rorech, Douglas Rorech, the Daly Trust, and Mobile Eats of fraud, fabricated financial disclosures, fraudulent conveyance, and civil conspiracy.

43. Plaintiff's accusations against Luke Rorech and Douglas Rorech were false and were made to create a sensational family-conspiracy narrative.

44. On information and belief, Plaintiff intentionally supplied false, exaggerated, and misleading information to her own counsel, including distorted interpretations of bank activity that Plaintiff had no right to access or misuse, so that counsel would file reputationally damaging allegations against Daly and the Rorech sons.

45. Plaintiff used those accusations to intensify public pressure on Daly, impair Daly's standing with business contacts, and disrupt Daly's ability to raise capital and reopen the business.

46. Daly and the Company have incurred and will continue to incur costs to investigate the unauthorized access, secure banking records and audit logs, respond to the misuse of account information, and repair the harm caused by Plaintiff's conduct.

47. As a direct and proximate result of Plaintiff's conduct, Daly has suffered damages exceeding $10,000,000, including lost business opportunities, inability to reopen the business, damage to existing business relationships, harm to capital-raising efforts, reputational damage, litigation costs, investigatory costs, other economic losses, and extreme emotional distress from watching her sons suffer the repercussions of public accusations of fraud and conspiracy despite their innocence.

## Count I – Fraudulent inducement

48. Daly realleges paragraphs 27 through 47.

49. Plaintiff made material misrepresentations and omissions concerning the actual nature, condition, liabilities, and viability of the business.

50. Those misrepresentations and omissions were made to induce Daly to enter the transaction.

51. Daly relied on Plaintiff's distorted presentation of the transaction and business opportunity.

52. Daly was damaged as a direct and proximate result.

## Count II – Breach of contract, contractual indemnification, and declaratory relief

53. Daly realleges paragraphs 27 through 47.

54. The written transaction documents control the parties' rights and obligations.

55. To the extent Plaintiff caused inaccurate, incomplete, or misleading company-side representations, disclosures, schedules, liabilities, or related contractual statements to be provided in connection with the transaction, Daly is entitled to contractual relief, indemnification, declaratory relief, offsets, and all other available remedies.

56. An actual controversy exists concerning the scope of the parties' rights and obligations, including proper party status, Plaintiff's role as Member Representative, and the extent to which Plaintiff may pursue transaction claims against non-parties such as Luke Rorech and Douglas Rorech.

57. Daly seeks a declaration of the parties' rights and obligations under the transaction documents.

## Count III – Tortious interference with prospective business advantage

58. Daly realleges paragraphs 27 through 47.

59. Daly had concrete business expectancies relating to financing, vendors, partners, capital sources, and restarting the business.

60. Plaintiff knew or should have known that public accusations of fraud, family conspiracy, fabricated financials, and bank-account based accusations would interfere with those expectancies.

61. Plaintiff intentionally and improperly interfered with Daly's prospective business advantage by making and advancing those accusations.

62. As a direct and proximate result, Daly lost financing opportunities, lost business opportunities, and suffered damage to ongoing business relationships and capital-raising efforts.

## Count IV – Abuse of process

63. Daly realleges paragraphs 27 through 47.

64. Plaintiff used legal process for an ulterior and improper purpose, including creating a false family conspiracy narrative, publicly humiliating Daly and her sons, intensifying reputational damage, and coercing settlement pressure beyond the legitimate adjudication of a contract dispute.

65. Plaintiff's inclusion of Luke Rorech and Douglas Rorech as conspirators and fraudulent transferees was part of that improper use of process.

66. Daly suffered damages as a direct result.

## Count V – Violation of 18 U.S.C. § 1030 and related unauthorized computer access theories

67. Daly realleges paragraphs 27 through 47.

68. On information and belief, Plaintiff intentionally accessed a protected computer or computer-connected banking system without authorization, or exceeded any authorization that may once have existed, after closing in order to obtain financial information belonging to the Company and use it against Daly.

69. On information and belief, Plaintiff's unauthorized access caused losses associated with investigation, response, securing records, assessing the scope of the intrusion, and addressing the misuse of information obtained through that access.

70. Daly seeks all relief available under applicable law for such unauthorized access to the extent the facts and proof support such relief.

## Count VI – Trespass to chattels and misuse of Company banking property

71. Daly realleges paragraphs 27 through 47.

72. Plaintiff intentionally interfered with Company banking access, banking information, and associated digital property without authorization and for an improper purpose.

73. Plaintiff's interference caused actual harm, including investigative expense, disruption, and damage flowing from Plaintiff's misuse of the information obtained.

## Count VII – Rescission or rescissionary relief in the alternative

74. Daly realleges paragraphs 27 through 47.

75. Plaintiff's material misrepresentations and concealment went to the essence of the transaction.

76. Daly seeks rescission, rescissionary relief, equitable unwinding, accounting, offsets, or other equitable relief sufficient to restore the parties as nearly as possible to their pre-transaction positions.

## Prayer for relief

WHEREFORE, Defendant and Counterclaim Plaintiff Maureen Daly requests that the Court:

A. Dismiss Plaintiff's Complaint and all claims asserted therein with prejudice;

B. Enter judgment in favor of Daly on her counterclaims, including counterclaims arising from Plaintiff's unauthorized post-closing access to Company banking information;

C. Award compensatory damages in excess of $10,000,000;

D. Award punitive damages to the fullest extent permitted by law;

E. Award declaratory relief concerning the transaction documents and party status;

F. Award rescission, rescissionary relief, equitable unwinding, accounting, offsets, and relief unwinding the entire transaction;

G. Award costs, fees, investigatory expenses, and all other relief permitted by law and deemed just and proper by the Court.

Respectfully submitted,

Maureen Daly, Pro Se
c/o 400 Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone: (352) 988-9989
maureendaly777@gmail.com

Date: June 9, 2026

Certificate of Service

I certify that on ___6/11/2026___, a true and correct copy of the foregoing Amended Answer, Affirmative Defenses, and Counterclaims was served on counsel for Plaintiff by email rpatel@dou.uarMartin. Com

Maureen Daly