**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SARAH FRIMPONG,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**MAUREEN DALY**, *et al.*,<br><br>*Defendants.* | **Case No. 1:25-cv-02756-RCL** |

## MEMORANDUM OPINION

Plaintiff Sarah Frimpong has brought this action against Defendants Maureen Daly, Maureen A. Daly Living Trust ("Daly Trust"), Luke Rorech, Douglas Rorech, and Mobile Eats of America, Inc. ("Mobile Eats"), following Ms. Daly's acquisition of Ms. Frimpong's business, Broodjes & Bier Restaurant Group, LLC. Ms. Frimpong alleges that Ms. Daly and Mobile Eats misrepresented their financial status to induce this acquisition, that Ms. Daly falsely promised to pay or otherwise resolve Ms. Frimpong's personally guaranteed business debts as part of the acquisition, and that Ms. Daly has instead improperly used the acquisition as leverage to secure loans to compensate herself and her two sons, Luke and Douglas Rorech, while neglecting the aforementioned guaranteed debts. Ms. Frimpong accordingly asserts six claims for relief: two breach of contract claims against Ms. Daly (one for the merger agreement and one for the associated indemnification agreement), a fraudulent inducement claim against Ms. Daly, Daly Trust and Mobile Eats, a fraudulent conveyance claim against Ms. Daly, Luke Rorech and Douglas Rorech, a civil conspiracy claim against Ms. Daly, Luke Rorech and Douglas Rorech, and a civil conspiracy claim against Daly Trust and Mobile Eats.

As of the date of this opinion, Defendants Luke Rorech, Douglas Rorech and Mobile Eats have filed motions to dismiss the claims against them, ECF Nos. 10, 17, 11, Defendants Maureen Daly, Luke Rorech and Douglas Rorech have answered the complaint, ECFs No. 21, 21, 23, Defendant Daly has asserted her own counterclaims against Ms. Frimpong, ECF No. 23, and Ms. Frimpong has entered a suggestion of bankruptcy, ECF No. 24. The Court will grant Defendant Luke Rorech's motion to dismiss, deny Defendants Douglas Rorech and Mobile Eats' motions to dismiss, stay Ms. Daly's counterclaims, and order Defendants Mobile Eats and Daly Trust to answer the complaint within 30 days.

## MOTIONS TO DISMISS

The Court first addresses the pending motions to dismiss by Defendants Luke Rorech, Douglas Rorech and Mobile Eats.

A. Luke Rorech

Ms. Frimpong brings two counts against Luke Rorech: a fraudulent conveyance claim and a civil conspiracy claim. ECF No. 2, ¶¶ 56–68. Mr. Rorech asserts that dismissal of these claims is warranted because 1) He never accepted money in his personal capacity, ECF No. 10, 2) Ms. Frimpong has not plead the claim of fraudulent conveyance with sufficient particularity, as she has not plead a lack of reasonably equivalent value or intent to defraud and has instead relied on "suspect timing and relationships," ECF No. 15 at 2, 3) Ms. Frimpong has not alleged an agreement or overt act sufficient to plead conspiracy, ECF No. 15 at 3, and 4) the Court lacks personal jurisdiction over Mr. Rorech, *Id.* Mr. Rorech also requests sanctions under Fed. R. Civ. P. 11 for alleged pre-suit discovery abuses and "baseless targeting" and requests that if the court does not dismiss the claims against him, that the Court join all similarly situated recipients of cash disbursements under Fed. R. Civ. P. 20(a)(2). *Id.* at 3–4.

The Court first addresses Mr. Rorech's personal jurisdiction argument. Mr. Rorech, a Florida resident appearing *pro se*, states that Ms. Frimpong has made "no showing" that he either purposefully availed himself of the forum or directed any conduct towards a forum resident. *Id.* at 3. Ms. Frimpong counters that the Court has specific jurisdiction over Mr. Rorech due to his coordination and receipt of $12,500 in fraudulent transfers, which she alleges was undertaken with the knowledge that it would frustrate the ability of Ms. Frimpong, a D.C. resident, to pay her D.C. creditors. ECF No. 13 at 5–6. Ms. Frimpong additionally asserts that the Court has conspiracy jurisdiction over Mr. Rorech due to the acts of his co-conspirators. *Id.*

In a D.C. forum, "a plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute, D.C. Code § 13–423(a), and does not violate due process." *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1094–95 (D.C. Cir. 2008), *overruled on other grounds* by *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021). Due process requires that a defendant have purposefully established such "minimum contacts" in the forum state such that he should "reasonably anticipated being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).

We first examine whether the conduct at issue here falls within D.C.'s long-arm statute. Ms. Frimpong does not clearly state which provision of the long-arm statute she is invoking as to Mr. Rorech, however it appears she intends to invoke either D.C. Code § 13–423(a)(3) or (a)(4), as she alleges that "Mr. Rorech purposefully directed tortious conduct toward the District and a District resident." ECF No. 13 at 5, *cf.* ECF No. 2 at ¶ 18 ("Pursuant to D.C. Code § 13-423(a)(1), (a)(3), (a)(4), and (a)(6), the Court exercises personal jurisdiction over Defendants Maureen Daly, the Daly Trust, and Mobile Eats."). D.C. Code § 13–423(a)(3) allows for

personal jurisdiction over a claim arising from the defendant "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." D.C. Code § 13–423(a)(4) allows for the same over a claim arising from a defendant "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."

Ms. Frimpong at no point alleges that Mr. Rorech's receipt of the $12,500 transfer occurred in D.C. As such, she is unable to utilize D.C. Code § 13–423(a)(3). *See Helmer v. Doletskaya*, 393 F.3d 201, 208 (D.C. Cir. 2004) (acknowledging that (a)(3) is a "precise and intentionally restricted tort section which stops short of the outer limits of due process"). Neither, however, does she allege that Mr. Rorech regularly did business in D.C., engaged in a persistent course of conduct in D.C., or derived revenue from goods or services in D.C, under D.C. Code § 13–423(a)(4). She only states that his receipt of the transfer was implicitly directed towards and harmed her, a D.C. resident. As such, Ms. Frimpong has failed to sufficiently allege that the Court has personal jurisdiction over Mr. Rorech under D. C.'s long-arm statute.

Ms. Frimpong's attempt to invoke the conspiracy theory of personal jurisdiction likewise fails. Conspiracy jurisdiction is a form of long-arm jurisdiction where an act of a defendant's co-conspirators within the forum establish jurisdiction over the defendant. The D.C. Circuit has recognized such jurisdiction under limited circumstances: namely, to succeed plaintiffs "must plead *with particularity* the conspiracy as well as the *overt acts within the forum* taken in furtherance of the conspiracy." *Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011), *citing Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C.Cir.1997). Here, none of the overt acts that Ms.

Frimpong alleges were taken in furtherance of the conspiracy between Ms. Daly and her sons are alleged to have occurred within the District of Columbia. All that Ms. Frimpong has stated is that the overt acts that occurred were "directed into and had their intended harmful effect in the District." ECF No. 13 at 6. Accordingly, Ms. Frimpong has failed to assert a basis for personal jurisdiction over Mr. Rorech, and the claims against him will be dismissed. The Court declines to reach any of Mr. Rorech's additional claims.

B. Douglas Rorech

Unlike his brother, Douglas Rorech did not contest his personal jurisdiction in his motion to dismiss. As such, he is deemed to have forfeited this defense. Fed. R. Civ. P. 12(h)(1). Instead, the entirety of Mr. Douglas Rorech's argument for dismissal consists of the statement:

> I was not a party to any contract between Plaintiff and Defendant Daly. I was targeted, simply because I am the son of the defendant, Maureen Daly. Funds provided to me were for bona fide services rendered, both pre and post closing. These funds represent less than half of the compensation received by former Wellfound employees…whom the plaintiff conveniently chose not to include in this lawsuit because of previous relationships. Including me in this suit is nothing more than a form of harassment and malicious prosecution intended to pressure Maureen Daly into signing a revised settlement agreement favoring Plaintiff.

ECF No. 17. The Court agrees with Ms. Frimpong that Mr. Rorech's motion should be generously construed as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 20. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is understanding of the fact that Mr. Rorech is proceeding *pro se*. His motion to dismiss, however, even construed liberally, does not provide an argument that warrants relief, as it primarily consists of factual disputes, and does not call into doubt the plausibility of Ms.

Frimpong's claims. The fact that Mr. Rorech was not a party to Ms. Daly and Ms. Frimpong's acquisition contract does not stop Ms. Frimpong from naming him as a defendant in the fraudulent transfer claim or conspiracy claim associated with that contract. Nor is it self-evident of a vexatious lawsuit that Mr. Rorech, Ms. Daly's son, was named as a defendant while other similarly situated persons who received transfers were not.

Ms. Frimpong brings her fraudulent conveyance claim pursuant to the Uniform Fraudulent Transfer Act (UFTA), as codified in D.C. Code §§ 28-3101, *et seq*. ECF No. 2 at ¶ 61. To state a claim for actual fraudulent transfer under UFTA, a plaintiff must plead that (1) a debtor made a transfer; (2) the plaintiff was a creditor of the debtor; and (3) the debtor made the transfer with actual intent to hinder, delay or defraud any creditor of the debtor. *Bank of Am., N.A. v. F.D.I.C.*, 908 F. Supp. 2d 60, 87 (D.D.C. 2012). As provided in D.C. Code §§ 28-3104, in determining actual intent, "consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider...." An insider is defined in D.C. Code §§ 28-3101 and includes, among other things, "[a] relative of the debtor." Accordingly, the fact that that Ms. Frimpong brought suit against Mr. Rorech instead of other similarly situated individuals is not evidence of harassment. This fact is instead consistent with a well-pled fraudulent transfer complaint.

Finally, Mr. Rorech's claim that he is a good-faith transferee is a factual dispute inappropriate for consideration on a motion for dismiss, as Ms. Frimpong has alleged in her complaint that the transfers to Mr. Rorech were made "without reasonably equivalent value and with actual intent to hinder, delay, or defraud Ms. Frimpong." ECF No 2 at ¶ 65.

As Mr. Rorech has failed to make an argument that warrants dismissal, his motion will be denied.

C. Mobile Eats

Finally, the Court turns to defendant Mobile Eats of America, Inc.'s motion to dismiss. ECF No. 11. Mobile Eats has filed its motion to dismiss through Maureen Daly as its "Authorized Representative." *Id.* Corporations, partnerships, and associations may not, however, appear in federal court other than through a licensed attorney. See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *Tracy v. Kratovil*, 798 F. App'x 665 (D.C. Cir. 2020) *Matter of Zegeye*, No. 24-5202, 2025 WL 2607785, at *1 (D.C. Cir. Feb. 10, 2025); *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear pro se. It must be represented by counsel or it will be treated as not having appeared at all[.]"). Neither Mobile Eats nor Ms. Daly has argued either that Mobile Eats is a natural person or that Ms. Daly is a licensed attorney. Accordingly, Mobile Eats' motion will be denied. Additionally, the court will order Mobile Eats to either appear through a licensed attorney within 30 days of this opinion or risk default judgment.

**SUGGESTION OF BANKRUPTCY**

Next, the Court addresses the effect of Ms. Frimpong's suggestion of bankruptcy. ECF No. 24. Ms. Frimpong states that she filed for Chapter 7 bankruptcy on May 30, 2026, in the U.S. Bankruptcy Court for the District of Columbia. *Id.* Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation ... of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the [bankruptcy] case" (emphasis added). When determining how a case may be affected by an automatic stay under 11 U.S.C. § 362(a)(1), courts generally analyze claims and counterclaims individually. *See Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995); *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002); *Seiko Epson Corp. v. Nu-Kote Int'l,*

*Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1992); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) ("Thus, an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit."); *In re Duncan*, 987 F.2d 490, 491 n.2 (8th Cir. 1993). Accordingly, a debtor-plaintiff's claims may remain live while a defendant's counterclaims against the debtor-plaintiff are stayed. *See Maritime Elec. Co.*, 959 F.2d at 1205.

Here, the only claims that have been brought against Ms. Frimpong, the debtor, are the counterclaims that Ms. Daly has raised in her amended answer to the complaint. *See* ECF No. 23, ¶¶ 48–76. The Court finds that these counterclaims are subject to the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1). Accordingly, the Court will stay any proceedings related to these counterclaims until the resolution of Ms. Frimpong's bankruptcy matter, or until Ms. Frimpong withdraws her bankruptcy petition. Plaintiff's claims will not be affected by this stay and may proceed.

## DALY LIVING TRUST

Finally, the Court notes that Defendant Daly Trust has not yet appeared in this case. The Court understands that Ms. Daly, who is proceeding *pro se*, may not have understood the appearance obligations of the trusts and corporations that she owns. Accordingly, the Court will order Defendant to enter an appearance within 30 days of this order or risk an entry of default judgment. The Court reminds Ms. Daly that, as is the case with corporations, a trust may only be represented by a licensed attorney. *Fromm v. Duffy as Tr. of Gary Fromm Fam. Tr.*, No. CV 19-1121 (EGS), 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020).

## CONCLUSION

In accordance with the above reasoning, the Court will dismiss the claims against Defendant Luke Rorech, deny Defendants Douglas Rorech and Mobile Eats' motions to dismiss, stay Ms. Daly's counterclaims, and order Defendants Mobile Eats and Daly Trust to answer the complaint within 30 days. An order consistent with this opinion will issue.

9-29-26
Date

Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge